POLEN, Judge,
dissenting.
I respectfully dissent. The majority opinion reasons that the trial court properly denied appellant’s 1.540 motion because she failed to move with due diligence after she knew or should have known of the trial court’s order of dismissal. With respect, it is my view that the majority has missed the dispositive issue. The order of the trial court dismissing plaintiff’s complaint for her failure to appear at the status conference and later, at trial, is in my view a nullity. Appellant, who had discharged her prior attorney and was acting pro se, had communicated to the court, as best she could, a notice of change of mailing address. Why should she be treated differently from an attorney of record who might file a similar notice of change of address? In that the trial court sent the notices to her old address or to her former address, appellant received neither actual nor constructive notice of the pending hearings. To me, this is a denial of fundamental due process which would render irrelevant how long appellant took to file her motion after receiving actual notice of the dismissal.
Inasmuch as I would reverse the denial of appellant’s 1.540 motion and reinstate the proceedings below, the cross appeal would then be moot. Cross appellant would not be able to raise his claim for attorney’s fees and costs unless and until he became the prevailing party on the merits of appellant’s claim.